# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**BARRY F. KEAVENEY,**

        Plaintiff,

    vs.                                        **No. CIV 00-164 LCS**

**BIZBEE, AZ POLICE OFFICER LARIMER,**
**et al.,**

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff's Motion to Transfer Case *(Doc. 14)*, filed April 7, 2000, and Defendants' Motion to Dismiss *(Doc. 15)*, filed April 21, 2000. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendants' Motion to Dismiss is well taken and will be granted. The Court further finds that Plaintiff's Motion to Transfer is not well taken and it will be denied.

The parties are in agreement that this Court does not have personal jurisdiction over the Defendants, all of whom are citizens of the state of Arizona. Plaintiff admits that this action should have been brought in the United States District Court for the District of Arizona. The only issue for this court is whether this action should be transferred to the District of Arizona pursuant to 28 U.S.C. § 1406(a).

1

Initially, I note that the Court has jurisdiction to transfer this case under 28 U.S.C. § 1406(a) even though personal jurisdiction over Defendants has not yet been acquired. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Although Section 1406(a) requires that this action be dismissed or transferred, the decision of whether dismissal or transfer is the interest of justice rests within the sound discretion of the Court. *See Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984).

Plaintiff has not demonstrated that it is in the interest of justice to transfer this case rather than to dismiss it. Plaintiff alone is responsible for bringing this suit in the wrong district, and has not presented any basis for a reasonable belief that this Court could obtain personal jurisdiction over any of the Defendants. Furthermore, Defendants present evidence that Plaintiff previously has brought suit based on the same allegations that underlie this case; therefore, transferring this case would appear to be futile. Although dismissal may be a harsh remedy, the law in this district is that the interests of justice are better served by dismissal rather than transfer where the plaintiff has not demonstrated a good faith basis for the misfiling of the action. *See Pena v. Mauck*, No. CIV 93-1510, slip op. at 2 (D.N.M. June 24, 1994). I find that it is in the interest of justice to dismiss this case without prejudice.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion to Transfer Case *(Doc. 14)*, filed April 7, 2000, is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss *(Doc. 15)*, filed April 21, 2000, is hereby **granted**.

**IT IS FINALLY ORDERED** that all claims brought against all defendants are **dismissed without prejudice** for lack of personal jurisdiction.

_____
**UNITED STATES MAGISTRATE JUDGE**

F:\Brian\Opinions\00-164dismiss.wpd